UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TROY STRATOS,<br><br>Defendant. | No. 2:11-CR-00537-TLN<br><br><br><br>**ORDER** |

Defendant Troy Stratos ("Defendant") filed a brief arguing for the admission of the testimony of Jared Scholl, an accountant for witness Tim Burns' company, ESG, from 2010 until the company's dissolution. (ECF No. 200.) The United States Government ("Government") submitted an opposition to Defendant's motion. (ECF No. 201.) The Court held a hearing on this matter on May 13, 2015.[1]

I.  **BACKGROUND**

Defendant seeks to admit the following testimony from James Scholl:

1. Witness Tim Burns began shopping for property on the Jersey Shore before he began seeking a Facebook stock deal from Defendant;

---

[1] The Court heard oral argument and instructed parties to submit further briefing to the Court. Attorneys Todd Pickles and Jared Dolan were present on behalf of the Government. Defense counsel Heather Williams, Timothy Zindel, and Noa Oren were present, along with Defendant Troy Stratos, who appeared in custody.

1

2. Mr. Scholl witnessed Tim Burns transfer $4.3 million from ESG Fund II in early in 2011;

3. Mr. Scholl noticed a $1 million transfer by Tim Burns to purchase the "East Elm" property;

4. Mr. Scholl and other ESG employees "became suspicious of Burns in 2012 and discovered his thefts from client accounts, which he did not disclose to his employees even after he began working with the FBI;"

5. Mr. Scholl's examination of ESG records disclosed that Tim Burns stole $10.5 million from his clients;

6. Mr. Scholl will testify that Tim Burns "falsely said that [the fund sent to Soumaya were] wired out to purchase Facebook shares or to be held in escrow for the eventual purchase of Facebook shares;"

7. Mr. Scholl formed an opinion that Tim Burns is untruthful and dishonest based on his 3–4 year experience working with him.  (ECF No. 200 at 1–2.)

Defendant seeks to admit this testimony under Federal Rule of Evidence 404(b) ("Rule 404(b)"), arguing that Mr. Scholl's testimony about Tim Burn's past specific conduct is offered to show his motive "to find another person upon who he could shift blame for the financial improprieties he undertook over the preceding five years." (ECF No. 200 at 2.)  In support of his argument, Defendant offers *United States v. McCluer*, 546 F.2d 670 (5th Cir. 1977), in which the court determined that Rule 404(b) could be applied to admit evidence of a witness's fraudulent scheme.  (ECF No. 200 at 3.)  Defendant also argues that Mr. Scholl's testimony regarding his opinion of Tim Burns' truthfulness is admissible under Rule 608(a).

In its opposition, the Government first argues that much of the testimony offered by Mr. Scholl is inadmissible hearsay.[2]  Second, the Government indicates that Mr. Scholl's testimony as to specific conduct is entirely inadmissible under Rule 608(b).  Third, the Government denies that Mr. Scholl's testimony would be admissible under Rule 404(b).  Finally, the Government states

---

[2] Because the Court finds much of Mr. Scholl's testimony to be inadmissible under Rule 608(b), it will not address whether that evidence is hearsay.

that Mr. Scholl's testimony of his opinion of Tim Burns' character for truthfulness does not meet the requirements to be admissible under 608(a).  (ECF No. 201 at 2–4.)

**II.  RULING**

The Court finds that any testimony of Tim Burns' specific conduct (items 1–6 of the issue above) is inadmissible under Rule 608(b).  Rule 608(b) holds that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."  Rule 608(b) "limits the inquiry [of specific instances of conduct probative to his veracity] to cross-examination of the witness … and prohibits the cross-examiner from introducing extrinsic evidence of the witness' past conduct." *United States v. Abel*, 469 U.S. 45, 55 (1984).  "Where extrinsic evidence is barred, the cross examiner must take the answer, and cannot put on another witness to show that the witness to be contradicted testified falsely." *United States v. Higa*, 55 F.3d 448, 452 (9th Cir. 1995) (internal citations omitted).

Here, Defendant seeks to admit extrinsic evidence of Tim Burn's actions with the intent to demonstrate that Mr. Burns had a motive to "shift blame for [his] financial improprieties" and to "shade and color his testimony."  (ECF No. 200 at 2–3.)  Defendant's brief makes clear that Mr. Scholl's testimony is intended to attack Tim Burns' credibility by offering extrinsic evidence of specific instances of conduct.  Such testimony is improper under Rule 608(b).

Moreover, even if testimony of specific instances of conduct were not barred under Rule 608(b), the Court would still exercise its discretion to exclude such testimony as collateral to the case itself. *Higa*, 55 F.3d at 452 ("The district court has broad discretion over whether to admit extrinsic evidence to rebut a witness' direct testimony, particularly on a matter collateral to the case.").  "A collateral contradiction is typically one on a point not related to the matters at issue, but designed to show that the witness' false statement about one thing implies a probability of false statements about the matters at issue." *Id*.  Mr. Scholl's testimony is offered to contradict the statements Tim Burns made about the timing and volume of illegal activities to which Tim Burns has already admitted.  However, after reviewing Burns' testimony, it's clear that Mr. Scholl's proposed testimony simply repeats much of what Burns admitted to on the witness stand. In other respects, Mr. Scholl's proposed testimony is slightly different as to actual amounts and

time periods but only on collateral issues.  Thus, while the testimony is intended to contradict Tim Burns' admissions, in many respects Mr. Scholl's proposed testimony simply bolsters what Burns has already told the jury: over a period of time he repeatedly lied, cheated, and stole from his investors.  Lastly, it's clear to the Court that Mr. Scholl's testimony would not substantively contradict any testimony relating to Defendant's guilt or innocence.

Nor is Mr. Scholl's testimony on Tim Burns' specific conduct admissible under Rule 404(b).  Defendant's brief indicates that he intends to use Mr. Scholl's testimony to prove Tim Burns' motive to "shift blame" or to "shade and color his testimony." (ECF No. 200 at 2–3.)  Defendant is not attempting to establish Tim Burns' motive to commit a crime under 404(b), but instead his motive to *lie on the witness stand.*  Such evidence, by definition, is intended to impugn the character of the witness in violation of Rule 404(a).  Burns was subject to extensive cross examination where he explicitly told the jurors his motive in committing the crimes to which he pled.  Further, Defendant certainly used the opportunity during cross examination to demonstrate to the jurors that Burns had a motive to lie.  As such, Mr. Scholl's testimony is simply not necessary on this point.

Moreover, Defendant errs in citing *United States v. McCluer* in support of this argument.  In *McCluer*, the defendant sought to introduce extrinsic evidence of an informant's scheme to coerce the defendant into committing the crime.  546 F.2d at 672–73.  The court permitted the evidence because it related directly to the defendant's intent to commit the crime for which he was on trial.  *Id*.  The Court finds no similarity in this case and therefore finds no legal basis to admit the proposed evidence under Rule 404(b).

Finally, Defendant argues that Mr. Scholl should be permitted to testify as to his opinion of Tim Burns under Rule 608(a).  Rule 608(a) permits testimony about a "witness's reputation for having a character of truthfulness or untruthfulness, or by testimony in the form of an opinion about that character."   The Government objects to the admission of this testimony, arguing that "nowhere in the report to the FBI did Scholl state he had formed an opinion of Burns' character for truthfulness." (ECF No. 201 at 3.)  The Court finds this argument unavailing.  Although Defendant must lay a foundation to establish that Mr. Scholl has personal knowledge of Tim

Burns, the Court finds that Mr. Scholl's employment as Tim Burns' accountant may provide sufficient personal knowledge to offer opinion testimony. If the Government feels that Mr. Scholl's testimony is not in keeping with his statements to the FBI, the Government can certainly bring those issues to the jury's attention during cross-examination.

Based on the foregoing reasons, Jared Scholl's testimony as to specific instances of Tim Burns' conduct is inadmissible under Rule 608(b). Nor is Mr. Scholl's testimony on Tim Burns' specific conduct admissible under Rule 404(b). Mr. Scholl's testimony as to his opinion of Tim Burns' character for truthfulness is admissible under Rule 608(a).

**IT IS SO ORDERED.**

Dated:  May 15, 2015

Troy L. Nunley
United States District Judge