UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:11-CR-00537-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| TROY STRATOS, | |
| Defendant. | |

      Defendant Troy Stratos ("Defendant") has filed a request to seal a document he offers as Exhibit A in support of his motion for new trial (ECF No. 238), filed on November 24, 2015. (ECF No. 239.)  The document Defendant seeks to seal is an excerpt of Defendant's *Marsden* hearing, which took place before this Court on July 30, 2015.  (ECF No. 224)  The United States of America ("Government") filed a reply to Defendant's request to seal, arguing that there is no legal basis to seal the proposed document.  (ECF No. 240.)

      The Court finds that Defendant has not provided sufficient legal support for his request to seal the excerpt from his *Marsden* hearing.  As the Government indicates in its opposition, the Court may not seal the document on two grounds.  First, Defendant's motion already describes in detail the contents and purpose of the excerpt.  Defendant states in his motion that he discussed the possibility of testifying with his attorney twice, in January and March of 2015.  (ECF No. 238

1

1  at 3.)  The excerpt provides exactly the stated information, as well as additional details
2  specifically related to defense counsel's alleged failures to inform him of his right to testify.  By
3  Defendant's own disclosure, the Court finds that the information included within the *Marsden*
4  hearing excerpt is no longer confidential.

5        Second, the Court further finds that the information within the excerpt is no longer
6  protected by attorney-client privilege.  Where a defendant "raises a claim of ineffective assistance
7  of counsel, he waives the attorney-client privilege as to all communications with his allegedly
8  ineffective lawyer."  *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003).  In his motion,
9  Defendant argues that his trial attorney was ineffective because she failed to properly advise him
10 of his right to testify at trial.  The submitted excerpt contains only discussion of counsel's advice
11 to Defendant regarding testifying at his trial.  Therefore, the Court finds that the excerpt is not
12 protected by attorney-client privilege.

13       The Ninth Circuit has adopted a strong presumption in favor of public access of court
14 records.  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  "A party
15 seeking to seal a judicial record then bears the burden of overcoming this strong presumption by
16 meeting the 'compelling reasons' standard."  *Id*. (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*,
17 331 F.3d 1122, 1135 (9th Cir. 2003)).  Defendant has failed to "articulate compelling reasons
18 supported by specific factual findings" in favor of filing the *Marsden* hearing excerpt under seal.
19 *Id.*  For these reasons, Defendant's request to file Exhibit A to his motion for new trial under seal
20 is hereby denied.

21     **IT IS SO ORDERED.**

23 Dated:  December 1, 2015

                                                         Troy L. Nunley
                                                          United States District Judge