IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>TROY STRATOS,<br><br>                    Defendant. | CASE NO.  2:11-CR-00537 TLN<br><br>ORDER GRANTING UNITED STATES'S UNOPPOSED RENEWED REQUEST TO TAKE DISCOVERY TO RESPOND TO DEFENDANT'S MOTION FOR NEW TRIAL |

    This matter came before the Court on the United States's renewed, unopposed request to take discovery of the Office of the Federal Defender to respond to Defendant Troy Stratos's ("Defendant") motion for a new trial on Counts 12-15 and 18 and 19 of the Superseding Indictment ("Facebook counts") on the basis of ineffective assistance of counsel.  (ECF No. 251.)  Before this Court on December 10, 2015, the parties agreed to an evidentiary hearing to resolve discovery issues on February 19, 2016.  (ECF No. 244.)  In the instant motion, the United States indicates that the parties can efficiently resolve discovery issues outside of an evidentiary hearing if the parties may jointly interview Defendant's former counsel to determine if these individuals have relevant information that may be presented to the Court in the form of declarations.  (ECF No. 251 at 4.)

    This Court has previously found that Defendant waived his attorney-client privilege with respect to communications with his allegedly ineffective lawyers regarding his claim that he was not informed of his right to testify.  (ECF No. 246.)  Therefore, the Court finds that Stratos has waived any attorney-client privilege with the Office of the Federal Defender as to the following matters:

    1)    Any discussions Stratos had with his counsel concerning his right, ability, or option to

1

testify at trial on the Facebook counts;

2) Any discussions Stratos had with his counsel regarding testifying at trial on the Facebook counts;

3) Any decisions or considerations by the Federal Public Defender's Office relating <u>only</u> to Stratos testifying at trial on the Facebook counts, and expressly excluding any decisions or considerations on other defense strategies or witnesses;

4) Whether efforts were made by the defense to prepare for Stratos's testimony should he have elected to testify at the trial on the Facebook counts.

The Court further finds that the United States is permitted to take discovery of these items from Stratos's former counsel, including but not limited to Heather Williams, Timothy Zindel, Noa Oren, and Leigh Opferman, in order to respond to Stratos's claims of ineffective assistance of counsel.

Accordingly, IT IS HEREBY ORDERED THAT the Office of the Federal Public Defender shall provide the United States and to current counsel for Stratos copies of all notes, documents, records, or other evidence of the four topics identified above. To the extent that the documents contain privileged information on other matters not delineated above, the Federal Public Defenders can redact that information. The Office of the Federal Defender shall provide such copies within fourteen (14) days of this Order.

IT IS FURTHER ORDERED THAT:

1. The Federal Public Defender's Office shall make available for interviews prior to February 19, 2016, the following individuals: (1) Heather Williams, (2) Timothy Zindel, (3) Noa Oren, (4) Paralegal Specialist Leigh Opferman, and (5) any other member of the defense team who communicated with Stratos with respect to the foregoing topics

2. If the Court does determine that an evidentiary hearing is required, the aforementioned individuals shall testify at said hearing on February 19, 2016, to answer questions posed by the United States and/or Stratos's current counsel on the matters discussed herein.

IT IS SO ORDERED.

Dated: January 25, 2016

Troy L. Nunley
United States District Judge