UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:11-CR-00537-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| TROY STRATOS, | |
| Defendant. | |

On November 24, 2015, Defendant Troy Stratos ("Defendant") submitted a motion for new trial pursuant to Federal Rule of Criminal Procedure 33 ("Rule 33").  (ECF No. 238.)  The United States of America ("Government") filed an opposition in response on February 29, 2016.  (ECF No. 258.)  A date for a hearing on Defendant's motion was set before this Court on March 17, 2016.  (Stipulation and Order, ECF No. 256.)  The Court hereby vacates the hearing date and denies Defendant's motion for new trial as time barred.

I.    FACTUAL BACKGROUND

The jury in this case returned a verdict of guilty on May 19, 2015.  (Minute Order, ECF No. 210.)  Defendant filed his initial motion to withdraw counsel on July 24, 2015, and subsequently submitted an amended version of the motion on July 27, 2015.  (ECF Nos. 220 & 221.)  The Court granted Defendant's motion to withdraw counsel on July 30, 2015.  (Minute

1    Order, ECF No. 224.)  Defendant then filed a motion for new trial on November 24, 2015, more

2    than six months after the verdict was returned.  (ECF No. 238.)

3    II.    STANDARD OF LAW

4    Rule 33 requires that a motion for new trial "must be filed within 14 days after the verdict

5    or finding of guilty" unless the motion is brought on the grounds of newly discovered evidence.[1]

6    Fed. R. Crim. Pro. 33(b).  However, the Court may use its discretion to extend the filing time

7    period if "the party failed to act because of excusable neglect."  Fed. R. Crim. Pro. 45(b)(1)(B).

8    III.    ANALYSIS

9    Defendant acknowledges that his motion for new trial was filed after the deadline but

10   argues that the motion is still timely.  Specifically, Defendant argues that the Court implicitly

11   extended the 14-day time period by granting Defendant's request for a hearing on his motion

12   despite the Government's notice that the motion was untimely.  (ECF No. 238 at 5.)  Further,

13   Defendant argues that, even if the Court did not implicitly extend the deadline, the Court should

14   exercise its discretion to extend the deadline under Federal Rule of Criminal Procedure

15   45(b)(1)(B) because Defendant's failure to file was a result of excusable neglect.  (ECF No. 238

16   at 4–5.)  The Court finds that the 14-day time period applies to Defendant and that, therefore, his

17   motion for new trial is time barred.

18   A.    Implied Extension

19   First, the Court did not implicitly extend the deadline for Defendant's filing of a motion

20   for new trial.  Defendant supports its argument by citing to *United States v. Leung*, 796 F.3d 1032

21   (9th Cir. 2015).  (ECF No. 238 at 4–5.)  In that case, the court told defense counsel to file a

22   motion for new trial "whenever you want to" and that statement, paired with the court's ultimate

23   consideration of the merits of the untimely motion, caused the Ninth Circuit to find that the court

24   granted an extension.  *United States v. Leung*, 796 F.3d 1032, 1034–35 (9th Cir. 2015).  However,

25   the facts in the instant case are clearly different.  The Court did not invite Defendant to file a

26

27   [1] Here, both parties agree, and the Court concurs, that Defendant's motion for new trial is based on his claim of ineffective assistance of counsel and that these grounds are not considered to be newly discovered evidence under

28   *United States v. Hanoum*, 33 F.3d 1128, 1130 (9th Cir. 1994).  Therefore, the 14-day time period applies.  (ECF No. 238 at 4 & ECF No. 258 at 7.)

1  motion for new trial "whenever."  In fact, the Court stated during Defendant's *Marsden* hearing,

2  "if there was a motion for new trial before this Court, based upon everything I've heard, then I

3  might consider granting a motion for a new trial based upon ineffective assistance of counsel.

4  That time has passed. Okay. And the government was absolutely correct earlier [in stating that the

5  deadline passed]."  (Unsealed Portions of Def.'s *Marsden* Hearing, ECF No. 253 at 9.)

6  Moreover, the Court permitted a hearing and allowed discovery so that a full and complete record

7  would exist should the Court find reason to excuse Defendant's late filing. The Court's actions do

8  not constitute consideration of the merits of the motion and do not provide a basis to conclude

9  that the Court has excused Defendant's late filing.

10  　　　　　　　　　　　B.　　　Excusable Neglect

11  　　　　Second, the Court further finds no basis to support the argument that Defendant's late

12  filing was due to excusable neglect.  In evaluating whether failure to file a motion within the

13  required deadline is excusable, the United States Supreme Court requires that the Court assess

14  "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential

15  impact on judicial proceedings, (3) the reason for the delay, including whether it was within the

16  reasonable control of the movant, and (4) whether the moving party's conduct was in good faith."

17  *Mendez v. Knowles*, 556 F.3d 757, 765 (9th Cir. 2009) (citing *Pioneer Inv. Servs. Co. v.*

18  *Brunswick Assocs. Ltd P'ship*, 507 U.S. 380, 395 (1993)).  The Government concedes that,

19  because of the procedural posture of this case, there will be limited prejudice to the Government

20  and limited delay in the overall proceedings of this case.  (ECF No. 258 at 11 n.5.)  However, the

21  Court cannot find that there was sufficient reason for the delay, nor can it find that the delay

22  occurred in good faith.

23  　　　　In his motion for new trial, Defendant simply states that his failure to file on time

24  constituted excusable neglect because he "no longer had trust or confidence in his attorney" and

25  requested new counsel.  (ECF No. 238 at 5.)  The motion further states that Defendant "did not

26  take on the task of representing himself and, thus, was unaware of the deadline to file a new trial

27  motion within 14 days." (ECF No. 238 at 5.)  Defendant's reply further argued that it was unfair

28  to expect Defendant to file a timely motion for new trial when he was not relieved of his allegedly

1    ineffective counsel until the filing date had passed.[2]  (ECF No. 259 at 5.)  All these facts may be

2    correct, but none excuse the overall neglect established by Defendant's timing.

3        For example, despite the fact that Defendant's claim for ineffective assistance of counsel

4    arose from incidents occurring at trial, Defendant's attorneys did not file a motion seeking

5    withdraw as counsel until over two months after the verdict.[3]  This Court granted the motion to

6    withdraw counsel on July 30, 2015, and ordered an attorney to be appointed to Defendant on that

7    same day.  (ECF No. 224.)  The Court then signed an order appointing Thomas Johnson to

8    represent Defendant on August 5, 2015.  (ECF No. 225.)  Defendant's motion for new trial was

9    not filed until more than three months later, on November 24, 2015.  (ECF No. 238.)  Defendant

10   has not provided a reason for the substantial delay in seeking withdrawal of his trial counsel, nor

11   for his substantial delay in filing a motion for new trial once new counsel was appointed.

12   Therefore, the Court cannot find reason for Defendant's failure to meet the deadline and cannot

13   find that the delay occurred in good faith.

14       IV.    CONCLUSION

15       For these reasons, the Court finds that the motion for new trial is time barred.

16   Defendant's motion is hereby DENIED.

17

18       **IT IS SO ORDERED.**

19

20   Dated: March 15, 2016

21

22                                        Troy L. Nunley
                                          United States District Judge
23

24

25

26

27   ---

     [2] Incidentally, Defendant's reply was filed one day after its own deadline.
     [3] The trial was completed on May 19, 2015.  (Minute Order, ECF No. 210.)  Defendant's first motion to have his
28   counsel withdraw was filed on July 25, 2015.  (ECF No. 220.)

4