# UNITED STATES DISTRICT COURT
## Eastern District of California

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: **2:11CR00537-01** |
| **TROY STRATOS**<br>AKA: Troy David Stafford | Defendant's Attorney: Thomas Johnson, Appointed |

**Date of Original Judgment:** December 12, 2016
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

[ ] Correction of Sentence on Remand (Fed R. Crim. P. 35(a))

[ ] Reduction of Sentence for Changed Circumstances (Fed R. Crim. P. 35(b))

[ ] Correction of Sentence by Sentencing Court (Fed R. Crim. P. 35(c))

[ ] Correction of Sentence for Clerical Mistake (Fed R. Crim. P. 36)

[ ] Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))

[ ] Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

[ ] Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

[✓] Direct Motion to District Court Pursuant to [ ] 28 U.S.C. §2255, [ ] 18 U.S.C. §3559(c)(7), [✓] Modification of Restitution Order

**THE DEFENDANT:**

[✓] pleaded guilty to counts   1-11, 16-17 and 20   of the Superseding Indictment.

[ ] pleaded nolo contendere to count(s) ___ which was accepted by the court.

[✓] was found guilty on counts   12-15, 18 and 19   after a plea of not guilty.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense (s):
**See next page.**

The defendant is sentenced as provided in pages 2 through  8  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) ___ and is discharged as to such count(s).

[ ] Count (s) ___ dismissed on the motion of the United States.

[ ] Indictment is to be dismissed by District Court on motion of the United States.

[✓] Appeal rights given.            [ ] Appeal rights waived.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution or fine, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

2/28/2017
Date of Imposition of Judgment

*/s/ Troy L. Nunley*
Signature of Judicial Officer
**Troy L. Nunley**, United States District Judge
Name & Title of Judicial Officer
3/3/2017
Date

AO 245C-CAED(Rev. 11/2016) Sheet 1 - Amended Judgment in a Criminal Case      (NOTE: Identify Changes with Asterisks*)

DEFENDANT:**TROY STRATOS**   AKA: Troy David Stafford                                    Page 2 of 8
CASE NUMBER:**2:11CR00537-01**

| Title & Section | Nature Of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. § 1341 | Mail Fraud (Class C Felony) | 01/03/2007 | 1 |
| 18 U.S.C. § 1341 | Mail Fraud (Clas C Felony) | 01/09/2007 | 2 |
| 18 U.S.C. § 1341 | Mail Fraud (Class C Felony) | 01/16/2007 | 3 |
| 18 U.S.C. § 1343 | Wire Fraud (Class C Felony) | 12/26/2006 | 4 |
| 18 U.S.C. § 1343 | Wire Fraud (Class C Felony) | 12/27/2006 | 5 |
| 18 U.S.C. § 1343 | Wire Fraud (Class C Felony) | 01/02/2007 | 6 |
| 18 U.S.C. § 1343 | Wire Fraud (Class C Felony) | 01/05/2007 | 7 |
| 18 U.S.C. § 1343 | Wire Fraud (Class C Felony) | 01/18/2007 | 8 |
| 18 U.S.C. § 1343 | Wire Fraud (Class C Felony) | 01/26/2007 | 9 |
| 18 U.S.C. § 1343 | Wire Fraud (Class C Felony) | 02/01/2007 | 10 |
| 18 U.S.C. § 1343 | Wire Fraud (Class C Felony) | 02/05/2007 | 11 |
| 18 U.S.C. § 1343 | Wire Fraud (Class C Felony) | 01/13/2012 | 12 |
| 18 U.S.C. § 1343 | Wire Fraud (Class C Felony) | 01/18/2012 | 13 |
| 18 U.S.C. § 1343 | Wire Fraud (Class C Felony) | 01/19/2012 | 14 |
| 18 U.S.C. § 1343 | Wire Fraud (Class C Felony) | 02/12/2012 | 15 |
| 18 U.S.C. § 1957 | Money Laundering (Class C Felony) | 01/02/2007 | 16 |
| 18 U.S.C. § 1957 | Money Laundering (Class C Felony) | 01/26/2007 | 17 |
| 18 U.S.C. § 1957 | Money Laundering (Class C Felony) | 09/09/2011 | 18 |
| 18 U.S.C. § 1957 | Money Laundering (Class C Felony) | 10/05/2011 | 19 |
| 18 U.S.C. § 1503 | Obstruction of Justice (Class C Felony) | 04/2007 | 20 |

AO 245-CAED(Rev. 11/2016) Sheet 2 - Imprisonment

DEFENDANT: **TROY STRATOS**  
CASE NUMBER: **2:11CR00537-01**

Page 3 of 8

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 240 months on each of Counts 1 - 3, 240 months on each of Counts 4 - 11, 87 months on each of Counts 12 - 15, 120 months on each of Counts 16 - 20, all to be served concurrently, and 22 months on Count 20, to be served consecutively to Counts 1 - 19, for a TOTAL TERM of 262 months.

- [ ] No TSR: Defendant shall cooperate in the collection of DNA.

- [✓] The court makes the following recommendations to the Bureau of Prisons:  
  The Court recommends that the defendant be incarcerated in a Southern California facility, but only insofar as this accords with security classification and space availability.

- [✓] The defendant is remanded to the custody of the United States Marshal.

- [ ] The defendant shall surrender to the United States Marshal for this district
  - [ ] at ___ on ___.
  - [ ] as notified by the United States Marshal.

- [ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - [ ] before ___ on ___.
  - [ ] as notified by the United States Marshal.
  - [ ] as notified by the Probation or Pretrial Services Officer.

  If no such institution has been designated, to the United States Marshal for this district.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____  
at _____, with a certified copy of this judgment.

_____  
United States Marshal

_____  
By Deputy United States Marshal

DEFENDANT: **TROY STRATOS**  
CASE NUMBER: **2:11CR00537-01**

Page 4 of 8

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :
<u>36 months on each of Counts 1 - 20, to run concurrently, for a Total Term of 36 months</u>.

## MANDATORY CONDITIONS

You must not commit another federal, state or local crime.
You must not unlawfully possess a controlled substance.
You must refrain from any unlawful use of controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two (2) periodic drug tests thereafter, not to exceed four (4) drug tests per month.

- [✓]  The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.

- [✓]  You must cooperate in the collection of DNA as directed by the probation officer.

- [ ]  You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.

- [ ]  You must participate in an approved program for domestic violence.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245-CAED(Rev. 11/2016) Sheet 3 - Supervised Release

DEFENDANT: **TROY STRATOS**     Page 5 of 8
CASE NUMBER: **2:11CR00537-01**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the Court or the probation officer.
4. You must answer truthfully the questions asked by the probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the Court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

AO 245-CAED(Rev. 11/2016) Sheet 3 - Supervised Release

DEFENDANT: **TROY STRATOS**  
CASE NUMBER: **2:11CR00537-01**

Page 6 of 8

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the search of his person, property, home, and vehicle by a United States probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall not dispose of or otherwise dissipate any of his assets until the fine and/or restitution ordered by this Judgment is paid in full, unless the defendant obtains approval of the Court or the probation officer.

3. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to any unpaid restitution ordered by this Judgment.

4. The defendant shall provide the probation officer with access to any requested financial information.

5. The defendant shall not open additional lines of credit without the approval of the probation officer.

6. The defendant shall participate in a cognitive behavioral treatment program as directed by the probation officer.

7. As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

DEFENDANT: **TROY STRATOS**  
CASE NUMBER: **2:11CR00537-01**

Page 7 of 8

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $2,000.00 |  | $23,232,439.01* |

[ ] The determination of restitution is deferred until ___ . An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

[✓] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment colunm below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| * SEE ATTACHED LIST | $23,232,439.01 | $23,232,439.01 |  |
| **Totals** | **$23,232,439.01** | **$23,232,439.01** |  |

[ ] Restitution amount ordered pursuant to plea agreement $ ___

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ] The interest requirement is waived for the     [ ] fine     [ ] restitution

    [ ] The interest requirement for the     [ ] fine     [ ] restitution is modified as follows:

[ ] If incarcerated, payment of the fine is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

[✓] If incarcerated, payment of the restitution is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245-CAED(Rev. 11/2016) Sheet 6 - Schedule of Payments

DEFENDANT: **TROY STRATOS**  
CASE NUMBER: **2:11CR00537-01**

Page 8 of 8

# SCHEDULE OF PAYMENTS

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A. [ ] Lump sum payment of $ ___ due immediately, balance due
- [ ] Not later than ___, or
- [ ] in accordance [ ] C,   [ ] D,   [ ] E, or   [ ] F below; or

B. [✓] Payment to begin immediately (may be combined with   [ ] C,   [ ] D,   or [ ] F below); or

C. [ ] Payment in equal ___ (e.g. weekly, monthly, quarterly) installments of $ ___ over a period of ___ (e.g. months or years), to commence ___ (e.g. 30 or 60 days) after the date of this judgment; or

D. [ ] Payment in equal ___ (e.g. weekly, monthly, quarterly) installments of $ ___ over a period of ___ (e.g. months or years), to commence ___ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. [ ] Payment during the term of supervised release/probation will commence within ___ (e.g. 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendants ability to pay at that time; or

F. [✓] Special instructions regarding the payment of criminal monetary penalties:

Any amount that remains unpaid when Defendant's supervised release commences is to be paid on a monthly basis at a rate of at least 10% of Defendant's gross income. After conclusion of Defendant's supervised release, any amount that remains unpaid is to be paid on a monthly basis at a rate of at least 10% of Defendant's gross income. The minimum monthly payment rate may be adjusted "as the interests of justice require," if there is a material change to Defendant's economic circumstances as provided in Section 3664(k).

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[✓] The defendant shall forfeit the defendant's interest in the following property to the United States:
A 1906 Grand Piano; 2011 Land Range Rover 6JXN583; 2011 Chevy Camaro 6TNZ418; and a 2011 Chevy Camaro 6TET311. The Preliminary Order of Forfeiture filed 12/1/2016 shall be made final and incorporated into this Judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**LIST OF VICTIMS - 1 of 2**
**USA v. TROY STRATOS / 2:11CR000537-01**

ANNIE WESTPHAL
Stratos: **$23,529.08**

AVA SALVATORE
Stratos: **$24,726.05**

BEN KRONISH
Stratos: **$45,819.79**

BOB BASHAW
Stratos**: $45,819.79**

BOB GARRY
Stratos: **$91,639.57**

BRAD OHLIMACHER
Stratos: **$91,639.57**

BRADY FAMILY INVESTMENTS I, LLC
3109 MADISON AVENUE
GREENSBORO, NC 27408
Stratos: **$91,639.57**

CHRIS BAGGINI
Stratos: **$89,616.03**

CHRIS MCHUGH
Stratos: **$111,414.53**

CHRIS & JENNIFER SALVATORE
Stratos: **$49,452.11**

CHRISTOPHER GILES
Stratos: **$76,358.05**

CORRINE GROUSBECK
Stratos: **$185,755.89**

DAVID BRUMBAUGH
Stratos: **$185,755.89**

ERIC GRAT TURNER
Facebook: **$22,404.01**

ERIC TURNER
Facebook: **$22,404.01**

ERIN RIMMEL (JAMES)
Stratos: **$45,819.79**

EUGENE MARLIN LEISHER
Stratos: **$91,639.57**

GARY MARINO
Stratos: **$449,491.01**

GREY DOG TRUST
1408 BEAVER DAM ROAD
RE: MARY BULETZA
POINT PLEASANT, NJ 08742
Stratos: **$185,755.89**

HEATHER MCMEEKIN
Stratos: **$89,616.03**

HOWARD SHARFMAN
Stratos: **$91,639.57**

JAKE WESTPHAL
Stratos: **$23,529.08**

JAMES SMALL
Stratos: **$229,098.93**

JEANNE PEGG
Stratos: **$22,909.89**

JEFF LEWIS
Stratos: **$64,395.37**

JIM WYLIE
Stratos: **$89,616.03**

JOEL CO. INVESTMENT COMPANY LLC
24532 LAKE ROAD
BAY VILLAGE, OH 44140
Stratos: **$183,279.14**

JOHN SMALL
Stratos: **$45,819.79**

JOSEPH GILES
Stratos: **$76,358.05**

KATERINA SIMONETTA
Stratos: **$22,909.89**

KISIMUL MANAGEMENT LLC
200 W LANCASTER
WAYNE, PA 19087
Stratos: **$371,511.77**

KYLE WESTPHAL
Stratos: **$23,529.08**

LARRY DEAN
Stratos: **$91,639.57**

LOU ZARLENGA
Stratos: **$91,639.57**

IRA LUBERT - LUBFAM INVESTMENTS, LP
2929 ARCH STREET
13TH FLOOR
PHILADELPHIA, PA 19104
Stratos: **$1,816,541.25**

MARK CARLEO
Stratos: **$91,639.57**

MARVIN E. AUSHERMAN REVOCABLE TRUST
7420 HAYWARD ROAD
SUITE 203
FREDERICK, MD 21702
Stratos: **$185,755.89**

MICHAEL GILES
Stratos: **$76,382.82**

MINDREW'S 2003 MEGA TRUST, AMY B. HOLMWOOD, TRUSTEE
6500 ROCK SPRING DRIVE
SUITE 450
BETHESDA, MD 20817
Stratos: **$97,187.24**

NICOLE MURPHY
$11,982.439.00

NOELE WEIN
Stratos: **$91,639.57**

PATRIARCH INVESTMENTS LP
311 NORTH SUMNEYTOWN PIKE
NORTH WALES, PA 19454
Stratos: **$916,476.33**

PATRICK & KATHRYN BEACH
Stratos: **$346,164.74**

PAUL KRONISH
Stratos: **$45,819.79**

RHYS WILLIAMS
Stratos: $185,755.89

RICHARD CHASE
Stratos: **$91,639.57**

ROBERT & CAROLYN TURNER
Facebook: **$1,821,692.15**

**LIST OF VICTIMS - 2 of 2**
**USA v. TROY STRATOS / 2:11CR000537-01**

ROBERT TURNER 94 TRUST
9 HORSESHOE LANE
PAOLI, PA 19301
Stratos: **$224,040.09**

ROGER D. SIEFERT
Stratos: **$91,639.57**

SCOTT BRUMBAUGH
Stratos: **$185,755.89**

STEVE NEGROTTI
Stratos: **$130,790.97**

T. HAROLD BLUE
Stratos: **$165,941.93**

TOM TRALA
Stratos: **$89,616.03**

TURNER FOUNDATION
9 HORSESHOE LANE
PAOLI, PA 19301
Facebook: **$224,040.09**

TURNER GRANDKIDS 2010
9 HORSESHOE LANE
PAOLI, PA 19301
Stratos: **$134,424.05**

TURNER GRANDKIDS 2011
9 HORSESHOE LANE
PAOLI, PA 19301
Stratos: **$697,245.05**

VICTOR VENTERS, II
Stratos: **$91,639.57**

_____

**Total Restitution:**
**$23,232,439.01**