UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TROY STRATOS,<br><br>Defendant. | No. 2:11-cr-00537-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Troy Stratos's ("Defendant") Motion for Compassionate Release and Amended Motion for Compassionate Release. (ECF Nos. 399, 402.) The Government filed an opposition. (ECF No. 406.) Defendant filed a reply. (ECF No. 408.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 19, 2015, Defendant was found guilty by jury trial of six counts of a 20-count superseding indictment. (ECF No. 210.) Counts 12 through 15 charged wire fraud in violation of 18 U.S.C. § 1343. (ECF No. 58.) Counts 18 and 19 charged money laundering in violation of 18 U.S.C. § 1957. (*Id.*) On August 31, 2016, Defendant pleaded guilty to the remaining counts of the superseding indictment. (ECF No. 285.) Counts 1 through 3 charged mail fraud in violation of 18 U.S.C. § 1341. (ECF No. 58.) Counts 4 through 11 charged wire fraud in violation of 18 U.S.C. § 1343. (*Id.*) Counts 16 and 17 charged money laundering in violation of 18 U.S.C. § 1957. (*Id.*) Count 20 charged obstruction of justice in violation of 18 U.S.C. § 1503. (*Id.*)

On December 12, 2016, the Court sentenced Defendant to a 262-month term of imprisonment to be followed by a 36-month term of supervised release. (ECF No. 346.) Defendant is currently serving his sentence at Federal Correction Institution ("FCI") Lompoc. He has served approximately 94 months of his 262-month sentence of imprisonment, and his projected release date with good conduct time is July 27, 2030.

On October 16, 2020, Defendant filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 399.) Defendant filed an amended motion on October 21, 2020. (ECF No. 402.) Defendant requests the Court reduce his term of imprisonment to time served due to the COVID-19 pandemic. (*Id.* at 14.) Defendant is 54 years old and claims he is particularly vulnerable to COVID-19 because he suffers from asthma, prediabetes, and obesity. (*Id.* at 4–8.) He cites the conditions of confinement at FCI Lompoc as an additional factor in his vulnerability. (*Id.* at 8–11.) In opposition, the Government argues the Court should deny Defendant's motion because Defendant failed to demonstrate extraordinary and compelling reasons to warrant release, Defendant is a continuing danger to the community, and the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a reduced sentence. (*See generally* ECF No. 406.)

## II. ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The

2

compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement. Defendant made a request to the warden on August 20, 2020. Because 30 days have passed since August 20, 2020, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Defendant has not met his burden.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Defendant's medical records — filed under seal — indicate he is 6'1" and weighs 220, resulting in a body mass index ("BMI") of 29. Defendant's medical records also indicate he is being treated for mental disorders as well as asthma (unspecified). The Court is mindful that people with certain medical conditions, including obesity and asthma, can be more vulnerable to COVID-19. However, Defendant's BMI does not fall within the "obese range," which the Centers for Disease Control and Prevention ("CDC") defines as a BMI greater than 30 and less

than 40.  *See generally* Centers for Disease Control, Coronavirus Disease 2019 (COVID-19), People Who Are at Higher Risk, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited November 17, 2020).  And although the CDC recognizes moderate to severe asthma as a possible risk factor, Defendant's records indicate he has been prescribed inhalers to control his asthma.  *See id.*  The Government also emphasizes that Defendant previously contracted and recovered from COVID-19.  (ECF No. 46 at 21.)  The Court agrees that it is encouraging Defendant recovered from COVID-19 without any symptoms or complications.  Lastly, it bears mentioning that although there was previously a significant outbreak at FCI Lompoc (two inmates died and 711 inmates recovered), the BOP currently reports zero active inmate cases of COVID-19 at the facility.  As such, Defendant's concerns are arguably too speculative at this time.  *See United States v. Eberhart*, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.").  For the foregoing reasons, the Court concludes Defendant is neither terminally ill nor subject to a serious or unrecoverable condition that substantially diminishes his ability to provide self-care within a BOP facility.  *See* U.S.S.G. § 1B1.13, cmt. n. 1(A).

In sum, the Court declines to grant Defendant's request for compassionate release because Defendant has not shown there are extraordinary and compelling reasons for his release. Therefore, the Court need not address whether Defendant is a danger to the community or the § 3553(a) factors.  *See* U.S.S.G. § 1B1.13(2) (requiring defendant to show he is "not a danger to the safety of any other person or to the community"); *see also* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release).

However, the Court notes that the § 3553(a) factors do not support such a drastic reduction.  The Court sentenced Defendant to a 262-month term of imprisonment, which was the high end of his 210 to 262-month sentencing guidelines range.  To the extent Defendant now argues the Court incorrectly calculated his guidelines range at sentencing, a motion for compassionate release is not the proper vehicle for raising such a challenge.  As it is, Defendant is

seeking a reduction from a well-supported, high-end, 262-month sentence to a significantly lower 94-month sentence.  Although the § 3553(a) factors specifically include the need to provide Defendant with medical care in the most effective manner, it appears FCI Lompoc has thus far been capable of adequately addressing Defendant's medical needs.  Therefore, Defendant's medical needs do not outweigh the other § 3553(a) factors that support a 262-month sentence.

### III.　CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release and Amended Motion for Compassionate Release.  (ECF Nos. 399, 402.)

IT IS SO ORDERED.

DATED:  November 18, 2020

Troy L. Nunley
United States District Judge