UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TROY STRATOS,<br><br>Defendant. | No. 2:11-cr-00537-TLN<br><br><br>**ORDER** |

This matter is before the Court on Defendant Troy Stratos's ("Defendant") Request for Indicative Ruling. (ECF No. 424.) The Government filed an opposition. (ECF No. 428.) Defendant filed a reply. (ECF No. 430.) For the reasons set forth below, the Court DENIES Defendant's request.

On May 19, 2015, Defendant was found guilty by jury trial of six counts of a 20-count superseding indictment. (ECF No. 210.) Counts 12 through 15 charged wire fraud in violation of 18 U.S.C. § 1343. (ECF No. 58.) Counts 18 and 19 charged money laundering in violation of 18 U.S.C. § 1957. (*Id.*) On August 31, 2016, Defendant pleaded guilty to the remaining counts of the superseding indictment. (ECF No. 285.) Counts 1 through 3 charged mail fraud in violation of 18 U.S.C. § 1341. (ECF No. 58.) Counts 4 through 11 charged wire fraud in violation of 18 U.S.C. § 1343. (*Id.*) Counts 16 and 17 charged money laundering in violation of 18 U.S.C. § 1957. (*Id.*) Count 20 charged obstruction of justice in violation of 18 U.S.C. § 1503. (*Id.*) On

December 12, 2016, the Court sentenced Defendant to a 262-month term of imprisonment to be followed by a 36-month term of supervised release. (ECF No. 346.) Defendant is currently serving his sentence at Federal Correction Institution ("FCI") Lompoc.

On October 16, 2020, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 399.) Defendant filed an amended motion on October 21, 2020. (ECF No. 402.) In his motion, Defendant requested the Court reduce his term of imprisonment to time served due to the COVID-19 pandemic. (*Id.* at 14.) Defendant claimed he is particularly vulnerable to COVID-19 because he suffers from asthma, prediabetes, and obesity. (*Id.* at 4–8.) He cited the conditions of confinement at FCI Lompoc as an additional factor in his vulnerability. (*Id.* at 8–11.)

On November 19, 2020, the Court denied Defendant's request, finding he did not demonstrate extraordinary and compelling reasons for release. (ECF No. 413 at 4.) The Court also noted, even if such reasons existed, the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors warranted denying the request. (*Id.* at 5.) On November 30, 2020, Defendant appealed the Court's denial. (ECF No. 414.) The matter is currently pending before the Ninth Circuit. Defendant filed the instant request for an indicative ruling on February 16, 2021. (ECF No. 424.) Defendant requests the Court indicate whether it would be willing to reconsider its prior denial of compassionate release because he has since been diagnosed with a bladder tumor that is likely cancerous and a nodule on his lung. (ECF No. 424 at 1–2; ECF No. 430 at 1–2.)

Defendant does not dispute that his pending appeal divests this Court of jurisdiction to grant compassionate release. *See United States v. Melkonyan*, No. 2:14-cr-0083-JAM, 2020 WL 2128591, at 1 (E.D. Cal. May 5, 2020) (citing *United States v. Ortega-Lopez*, 988 F.2d 70, 72 (9th Cir. 1993)). Instead, Defendant seeks an indicative ruling under Federal Rule of Criminal Procedure ("Rule") 37(a). (ECF No. 424 at 1.) Rule 37 provides in relevant part that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). After carefully

considering the parties' arguments, the Court exercises its discretion under Rule 37 to decline Defendant's request to provide an indicative ruling at this time.

Accordingly, Defendant's Request for Indicative Ruling is DENIED. (ECF No. 424.)

IT IS SO ORDERED.

DATED: April 13, 2021

Troy L. Nunley
United States District Judge