UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TROY STRATOS,<br><br>Defendant. | No. 2:11-cr-00537-TLN<br><br><br><br>**ORDER** |

This matter is before the Court on remand from the Ninth Circuit Court of Appeals. (ECF Nos. 444, 445.) More specifically, the Ninth Circuit instructed this Court to reconsider its denial of Defendant Troy Stratos's ("Defendant") Motions for Compassionate Release in light of intervening authority. (*Id.*) For the reasons set forth below, the Court again DENIES Defendant's Motions for Compassionate Release. (ECF Nos. 399, 402.)

///
///
///
///
///
///
///

1

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On May 19, 2015, Defendant was found guilty by jury trial of six counts of a 20-count superseding indictment. (ECF No. 210.) Counts 12 through 15 charged wire fraud in violation of 18 U.S.C. § 1343. (ECF No. 58.) Counts 18 and 19 charged money laundering in violation of 18 U.S.C. § 1957. (*Id.*) On August 31, 2016, Defendant pleaded guilty to the remaining counts of the superseding indictment. (ECF No. 285.) Counts 1 through 3 charged mail fraud in violation of 18 U.S.C. § 1341. (ECF No. 58.) Counts 4 through 11 charged wire fraud in violation of 18 U.S.C. § 1343. (*Id.*) Counts 16 and 17 charged money laundering in violation of 18 U.S.C. § 1957. (*Id.*) Count 20 charged obstruction of justice in violation of 18 U.S.C. § 1503. (*Id.*)

On December 12, 2016, the Court sentenced Defendant to a 262-month term of imprisonment to be followed by a 36-month term of supervised release. (ECF No. 346.) Defendant is currently serving his sentence at Federal Correction Institution ("FCI") Lompoc. He has served approximately 118 months of his 262-month sentence of imprisonment, and his projected release date with good conduct time is July 27, 2030. (*See* ECF No. 406-1 at 4.)

On October 16, 2020, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 399.) Defendant filed an amended motion on October 21, 2020. (ECF No. 402.) Defendant requested the Court reduce his term of imprisonment to time served due to the COVID-19 pandemic. (*Id.* at 14.) Defendant claimed he is particularly vulnerable to COVID-19 because he suffers from asthma, prediabetes, and obesity. (*Id.* at 4–8.) He cited the conditions of confinement at FCI Lompoc as an additional factor in his vulnerability. (*Id.* at 8–11.) The Court denied Defendant's motions on November 19, 2020. (ECF No. 413.) Defendant appealed. (ECF No. 414.) While his appeal was pending, Defendant filed a motion for an indicative ruling requesting the Court indicate whether it would be willing to reconsider its prior denial because he had since been diagnosed with a bladder tumor that is likely cancerous and a nodule on his lung. (ECF No. 424.) The Court declined to provide an indicative ruling on April 14, 2021. (ECF No. 433.) On review, the Ninth Circuit vacated the Court's initial denial and remanded to this Court to reconsider Defendant's motions based on the intervening decision in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). (ECF Nos. 444, 445.)

**II.    ANALYSIS**

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

It is undisputed that Defendant has met the threshold exhaustion requirement as to his original motions for compassionate release. It is unclear whether Defendant has met the exhaustion requirement as to his alleged bladder cancer diagnosis. Regardless, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Ninth Circuit recently held "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (2021). The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* Accordingly, the Court relies on § 1B1.13 herein as persuasive authority.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a

3

1  correctional facility and from which he or she is not expected to recover." *Id.*

2  Defendant's most recent medical records — filed under seal — indicate he is 6'1" and weighs 215 pounds, resulting in a body mass index ("BMI") of 28.4. Defendant's medical records also indicate he is being treated for asthma (unspecified). The Court is mindful that people with certain medical conditions, including obesity and asthma, can be more vulnerable to COVID-19. However, Defendant's BMI does not fall within the "obese range," which the Centers for Disease Control and Prevention ("CDC") defines as a BMI greater than 30 and less than 40. *See generally* Centers for Disease Control, Coronavirus Disease 2019 (COVID-19), *People Who Are at Higher Risk*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited October 4, 2021). And although the CDC recognizes moderate to severe asthma as a possible risk factor, Defendant's records indicate he has been prescribed inhalers to control his asthma. *See id.* As for Defendant's bladder tumor, Defendant has not provided sufficient evidence that he has been formally diagnosed with bladder cancer, how such a diagnosis would increase his risks related to COVID-19, or that the BOP is unable to provide adequate care.

The Government also emphasizes that Defendant previously contracted and recovered from COVID-19. (ECF No. 46 at 21.) The Court agrees it is encouraging Defendant recovered from COVID-19 without any symptoms. It also bears mentioning that although there was a significant outbreak at FCI Lompoc, the BOP currently reports zero active inmate cases at the facility. Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/index.jsp (last visited October 4, 2021). As such, Defendant's concerns are arguably too speculative at this time. In addition, vaccines have become widely available since Defendant filed his original motions. It is unclear whether Defendant has been vaccinated, which would greatly reduce his risk.[1] In sum, the Court again declines to grant Defendant's request for compassionate release because

---

[1] Although some fully vaccinated people will have a breakthrough infection and experience illness, "[t]he COVID-19 vaccines approved or authorized in the United States are highly effective at preventing severe disease and death, including against the Delta variant." Centers for Disease Control and Prevention, *Delta Variant: What We Know About the Science*, https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html (last visited September 29, 2021).

4

Defendant has not shown there are extraordinary and compelling reasons for his release.

Even if Defendant had met his burden, the Court would nonetheless deny Defendant's motion based on the § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release). The Court sentenced Defendant to a 262-month term of imprisonment, which was the high end of his 210 to 262-month sentencing guidelines range. Defendant is seeking a reduction from a well-supported, high-end, 262-month sentence to a significantly lower 118-month sentence. Although the § 3553(a) factors specifically include the need to provide Defendant with medical care in the most effective manner, it appears FCI Lompoc has thus far been capable of adequately addressing Defendant's medical needs. Therefore, Defendant's medical needs do not outweigh the other § 3553(a) factors that support a 262-month sentence.

### III.  CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release and Amended Motion for Compassionate Release. (ECF Nos. 399, 402.)

IT IS SO ORDERED.

Dated:  October 5, 2021

Troy L. Nunley
United States District Judge