UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TROY STRATOS,<br><br>Defendant. | No. 2:11-cr-00537-TLN<br><br><br><br>**ORDER** |

This matter is before the Court on Defendant Troy Stratos's ("Defendant") Motion for Reconsideration. (ECF No. 448.) No opposition has been filed. For the reasons set forth below, the Court DENIES Defendant's motion.

On August 11, 2021, the Ninth Circuit issued a mandate remanding this matter pursuant to the parties' joint motion to vacate and remand this Court's prior order denying Defendant's motion for compassionate release. (ECF No. 445.) The Ninth Circuit instructed the Court to reassess Defendant's motion for compassionate release under the standard set forth in *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021), which was intervening authority. (*Id.*)

Pursuant to those instructions, the Court again denied Defendant's motion on October 5, 2021. (ECF No. 447.) The Court acknowledged that *Aruda* states "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." (*Id.* at 3 (citing *Aruda*,

1

993 F.3d at 802).)  In reassessing Defendant's operative motion for compassionate release (*see* ECF Nos. 399, 402), the Court expressly relied on U.S.S.G. § 1B1.13 as persuasive authority as permitted by *Aruda*.  (ECF No. 447 at 3.)  Based on the evidence and arguments presented, the Court found that Defendant had not shown extraordinary and compelling reasons for release *and* that the 18 U.S.C. § 3553 factors did not support a time served sentence.  (*Id.* at 3–5.)

Defendant filed the instant motion for reconsideration on October 7, 2021.  (ECF No. 448.)  Defendant argues the Court denied his motion for compassionate release based on mistaken facts and an inadequate record.  (*Id.* at 1.)  Defendant argues the Court did not give Defendant an opportunity to file supplemental briefing or updated medical records.  (*Id.* at 2.)  Defendant contends the parties had conferred regarding a briefing schedule to address the motion for compassionate release on remand and Defendant intended to file a supplemental brief in November 2021.  (*Id.*)  Defendant also notes he submitted an updated request for compassionate release to the Bureau of Prisons based on new medical information in May 2021.  (*Id.*)

Defendant also filed a notice of appeal on October 21, 2021.  (ECF No. 455.)  Defendant's pending appeal divests this Court of jurisdiction to grant his motion.  *See United States v. Melkonyan*, No. 2:14-cr-0083-JAM, 2020 WL 2128591, at 1 (E.D. Cal. May 5, 2020) (citing *United States v. Ortega-Lopez*, 988 F.2d 70, 72 (9th Cir. 1993)).  Regardless, there is no basis for granting the motion.  The parties did not request to file supplemental briefing or communicate any intent to file supplemental briefs before the Court filed its order, which was almost two months after the Ninth Circuit's mandate issued.  To the extent Defendant wishes to raise new arguments and present new evidence, Defendant should file a renewed motion for compassionate release.  As it is, the Court declines to reconsider its decision, which was based on the record presented in conjunction with the operative motion for compassionate release.

Accordingly, the Court DENIES Defendant's motion for reconsideration.  (ECF No. 448.)

IT IS SO ORDERED.

**DATED: November 12, 2021**

Troy L. Nunley
United States District Judge